Filed 10/28/24  P. v. Carnes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER KEITH CARNES,<br><br>  Defendant and Appellant. | C100337<br><br>(Super. Ct. Nos. SCCR-CRF-2022-349, SCCR-CRF-2022-784 & SCCR-CRF-2022-1416) |

Defendant Christopher Keith Carnes appeals from a postconviction order. Appointed counsel for defendant asked this court to independently review the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues on appeal.  We have exercised our discretion to conduct such a review and will affirm the trial court's order.  (See, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.)

1

BACKGROUND

On November 29, 2022, defendant entered into a negotiated plea agreement to resolve three pending Siskiyou County Superior Court cases: case No. SCCR-CRF-2022-349 (case No. 349), case No. SCCR-CRF-2022-784 (case No. 784), and case No. SCCR-CRF-2022-1416 (case No. 416). In case No. 349, he pleaded no contest to one count of felony vehicle theft and one count of misdemeanor vehicle theft (Veh. Code, § 10851, subd. (a)). In case No. 784, he pleaded no contest to possessing a dirk or dagger (Pen. Code, § 21310)[1] and misdemeanor trespassing (§ 602.1, subd. (a)). In case No. 416, defendant pleaded no contest to two counts of arson of property (§ 451, subd. (d)) and admitted being out on bail (§ 12022.1) when he committed the offenses. Defendant also admitted the aggravating factors alleged in case No. 416.

In exchange for defendant's plea, the balance of the three complaints were dismissed and the People agreed defendant would serve a stipulated term of five years in state prison. On January 10, 2023, the trial court sentenced defendant to five years in state prison in accordance with his plea agreement: (1) the upper term of three years for arson; (2) a consecutive eight-month term for arson, stayed under section 654; (3) a consecutive eight-month term for carrying a dirk or dagger; and (4) another consecutive eight-month term for felony vehicle theft. The court sentenced defendant to concurrent terms for his misdemeanor convictions, ordered him to pay various fines and fees, and awarded defendant a total of 173 days of custody credit.

Defendant did not appeal from the judgment; however, on November 22, 2023, he filed a petition for resentencing in the trial court "[p]ursuant [to] All Applicable Sections of Penal Code § 1170, § 1171, § 1172, and Assembly Bill 1540 (2021)" in all three cases. Defendant also filed a request to waive court fees using Judicial Council form FW-001.

---

[1] Undesignated statutory references are to the Penal Code.

The trial court denied the petition for resentencing as well as the request to waive fees: "It appears this is [defendant's] second attempt to have the statutory fees that the court imposed at the time of sentencing waived. His approach here too is wrong. Neither a 'Petition for Resentencing' nor a 'Request to Waive Court Fees' is the correct procedure. The proof of service of this document was not properly completed. . . . At the time of the sentencing, the court set the restitution fine and parole revocation fine at the statutory minimum. There was no objection to the imposition of the fines at the time of sentencing. There is no indication that an appeal was filed as to the imposition of the fines. Therefore, based on the above, the Petition [for Resentencing] and Request to Waive Court Fees is denied."

Defendant appeals from this order.

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Counsel also advised him that if he failed to file a supplemental brief, the appeal may be dismissed. More than 30 days have passed, and defendant has not filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*People v. Delgadillo*, *supra,* 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6

3

and concluded that such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6, it explicitly declined to apply its holding to other postconviction motions. (*Delgadillo*, at p. 231, fn. 5.) As such, we will exercise our discretion to conduct an independent review of defendant's case for any arguable issues.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Mauro, Acting P. J.

_____\s\_____,
Mesiwala, J.